UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Disney Enterprises, Inc., a Delaware
corporation,

    Plaintiff,

v.                                                                                          Case No. 08-12387

Christine Crim, an individual,                                       Honorable Sean F. Cox

    Defendant.
_____/

**OPINION & ORDER GRANTING
PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed this copyright infringement suit on June 4, 2008, against an individual who allegedly infringed Plaintiff's copyright by distributing a pirated copy of one of Plaintiff's motion pictures on the internet. The matter is currently before the Court on Plaintiff's motion seeking a default judgment consisting of statutory damages, costs, attorney's fees, and injunctive relief. For the reasons below, the Court shall GRANT the motion and shall issue a default judgment in Plaintiff's favor.

BACKGROUND

Plaintiff Disney Enterprises, Inc. ("Plaintiff") filed its "Complaint for Copyright Infringement" against Defendant Christine Crim ("Defendant") on June 4, 2008. Plaintiff's complaint alleges that Defendant infringed its copyright by distributing a pirated copy of one of Plaintiff's motion pictures, "*The Chronicles of Narnia: The Lion, The Witch, and The Wardrobe*," on the internet through an on-line media distribution system. The complaint alleges that Defendant's actions are willful and intentional. (Compl. at ¶ 11).

1

The complaint seeks: 1) injunctive relief (i.e., an order requiring Defendant to destroy all copies of the copyrighted motion picture); 2) actual or statutory damages pursuant to 17 U.S.C. § 504, at Plaintiff's election; 3) Plaintiff's costs incurred in this action; and 4) Plaintiff's attorney fees incurred in this action.

Although the docket reflects that Defendant was served, Defendant has not appeared in this action. As result, Plaintiff requested a Clerk's Entry of Default on August 7, 2008. (Docket Entry No. 5 & 6). On August 8, 2008, a Clerk's Entry of Default was issued. (Docket Entry No. 7).

Plaintiff filed the instant "Application for Entry of Default Judgment By The Court" (Docket Entry No. 8) on October 3, 2008. The Court held a hearing on this motion on December 11, 2008. Defendant did not appear at that hearing, nor has she contacted the Court in any manner.

ANALYSIS

Plaintiff's motion seeking a default judgment notes that following the Clerk's Entry of Default, the truth of the copyright infringement allegations of the complaint are established as true. Thus, it is established that Defendant infringed the copyright at issue in the complaint. Plaintiff contends that it is entitled to a default judgment that includes: 1) monetary damages representing statutory damages under the Copyright Act; 2) injunctive relief; and 3) its costs and attorney fees incurred in this action.

A.      Statutory Damages:

Under the Copyright Act, an infringer of copyright is liable for either: 1) the copyright owner's actual damages and any additional profits of the infringer; or 2) "statutory damages as

2

provided under subsection (c)." 17 U.S.C. §504(a). Subsection (c) provides that "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work," in "a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. §504(c).

Subsection (c) further provides that "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Here, Plaintiff requests a default judgment that would award Plaintiff in excess of the minimum statutory damages of $750 for each of the alleged acts of infringement. Plaintiff requests that it be awarded statutory damages of $6,000.

Plaintiff cites numerous cases in which courts have awarded statutory damages in the range requested by Plaintiff. Plaintiff contends an award in this range is appropriate because: 1) Defendant's conduct was wilful; 2) Defendant distributed the motion picture at a time when she knew or should have known that it had not been released yet in the home video market (i.e., it was still in theaters); and 3) such damages would help compensate Plaintiff for lost profits due to Defendant's conduct and help Plaintiff recover costs it expends in monitoring and protecting its rights.

The Court recognizes that the amount of statutory damages is a matter of discretion for the Court. Having considered Plaintiff's arguments, the Court finds that the $6,000 award requested by Plaintiff is appropriate under the circumstances of this case.

B.  Costs.

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. §505.

Here, Plaintiff seeks costs of $452.10 and attorney's fees of $1,303.13, for a total award of $1,755.23 for costs and attorney's fee.  In support of its request, Plaintiff submits the Declaration of attorney Christina Monteiro.

Because the amount of the costs and fees requested appear reasonable for the work done in this case, the Court shall grant the full amount of fees and costs sought by Plaintiff.

C.  Injunctive Relief.

The Copyright Act provides that a court may "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. §502(a).

Rule 65 requires that an injunction shall be "specific in its terms" and shall "describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained."  FED. R. CIV. P. 65(d).

Plaintiff submitted a proposed Default Judgment, which contains very specific language regarding injunctive relief.  (*See* Proposed Default Judgment).  The requested injunctive relief applies to the motion picture at issue, and also extends to future works.  The Sixth Circuit has ruled that injunctive relief can extend to future works.  *Princeton Univ. Press v. Michigan Document Svs, Inc.*, 99 F.3d 1381, 1392 (6th Cir. 1996).  The Court shall therefore grant the

injunctive relief requested.

## CONCLUSION & ORDER

     For the reasons above, the Court shall GRANT Plaintiff's motion for a default judgment.

An Default Judgment shall be issued forthwith.

     IT IS SO ORDERED.

                        s/Sean F. Cox  
                        Sean F. Cox  
                        United States District Judge

Dated:  January 5, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2009, by electronic and/or ordinary mail.

                        s/Jennifer Hernandez  
                        Case Manager